IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RYAN TALLEY, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Case No. 11-2597-CM |
| WASHBURN UNIVERSITY, et al., | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

This matter is before the court on defendant Correct Care Solutions, LLC ("CCS")'s motion to dismiss count IV of the complaint for lack of subject matter jurisdiction or, in the alternative, for judgment on the count IV pleadings (Doc. 34). In Counts I and II of the complaint, plaintiff Ryan Talley alleges violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., ("ADA"), the Fourteenth Amendment of the United States Constitution, and 42 U.S.C. § 1983 against defendant Washburn University and the Board of Regents of Washburn University of Topeka ("Washburn"). Plaintiff also brings a breach of contract claim against Washburn in Count III. Plaintiff brings claims of breach of contract and wrongful termination against CCS in Counts IV and V.

The court reviews a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction raising a facial attack under the same standards as a Rule 12(b)(6) motion to dismiss. *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010); *see also Nat'l Cable Television Co-op, Inc., v. Lafayette City-Parish Consol. Gov't*, No. 10-2254-KHV-DJW, 2010 WL 4868158, at *2 (D. Kan. Nov. 23, 2010) (citing *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225

(10th Cir. 2001) ("In a facial challenge [under Rule 12(b)(1)] like defendant's, the Court must accept the allegations of the complaint as true and may not consider evidence outside the complaint.")).

The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009). The court construes any reasonable inferences from these facts in favor of the non-moving party. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

The court granted CCS's motion for summary judgment (Doc. 14) on Count V on May 18, 2012. When CCS filed the instant motion to dismiss on June 15, 2012, Washburn remained as a defendant in the case. However, the court entered a stipulated order dismissing with prejudice plaintiff's claims (Counts I, II and II) against Washburn on August 31, 2012 (Doc. 47). As a result, the only remaining claim in this case is Count IV against CCS, a state-law breach of contract claim.

The parties' briefs on CCS's motion to dismiss address whether the state-law breach of contract claim in Count IV derives from a common nucleus of operative facts shared with then-remaining federal claims in Counts I and II, so as to allow this court to exercise supplemental jurisdiction over Count IV. Because all federal claims have been dismissed in this case, the court need not address the arguments raised by the parties regarding supplemental jurisdiction over the remaining state-law claim. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Additionally, if federal claims are dismissed before trial, the state-court claims should be dismissed without prejudice. *Id.*; *see also Lancaster v. Indep. Sch.*

*Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (affirming the district court's decision to dismiss the plaintiff's state-law claims without prejudice after no federal claims remained).

The court is mindful that the above rule prescribing dismissal of state claims if federal claims are discharged before trial, however, "should not be applied inflexibly in all circumstances." *Harper v. City of Wellington*, No. 89-1183-T, 1991 WL 192118, at *4 (D. Kan. Sept. 18, 1991) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). The court considers judicial economy, convenience and fairness to the parties, and comity in its decision regarding the remaining state-law claim. *Harper*, 1991 WL 192118, at *4. Requiring plaintiff to bring this claim in state court will not cause inconvenience or unfairness to either party. Additionally, the court finds that declining jurisdiction further advances the interests of comity and judicial economy. As the bases for federal subject matter jurisdiction have been extinguished, this court declines to exercise supplemental jurisdiction over plaintiff's remaining state-law claim against CCS and dismisses plaintiff's remaining state-law claim in Count IV without prejudice.

Because the court grants the portion of CCS's motion requesting dismissal of Count IV, the court denies as moot the portion requesting judgment on the pleadings for Count IV.

**IT IS THEREFORE ORDERED** that defendant Correct Care Solutions, LLC's Motion to Dismiss Count IV of the Complaint for Lack of Subject Matter Jurisdiction (Doc. 34) is granted and its Alternative Motion for Judgment on the Count IV Pleadings is denied as moot.

**IT IS FURTHER ORDERED** that plaintiff Talley's remaining state-law claim (Count IV) is dismissed without prejudice.

Dated this  15th   day of October, 2012, at Kansas City, Kansas.

s/ Carlos Murguia_____
**CARLOS MURGUIA**
**United States District Judge**